UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **AOLLYWOOD, LLC,** a limited liability company, | : : : |
| Plaintiff, | : Civil Action No.: 3:25-cv-1100 : |
| v. | : : |
| **FRANCISE JEAN-LOUIS**, Individually | : : July 10, 2025 : |
| Defendant. | |

## COMPLAINT

Plaintiff, Aollywood, LLC ("Plaintiff"), sues Defendant, Francise Jean-Louis ("Defendant"), and makes the following allegations:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company organized in Florida and has its principal place of business in Port St. Lucie, Florida.

2. Defendant is an individual domiciled in Bridgeport, Connecticut.

3. This is an action for false designation of origin under Section 43 of Lanham Act 15 U.S.C. § 1125(a)(1)(A), and the supplemental state causes of action of Florida common law trademark infringement and unfair competition.

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and under the doctrine of supplemental jurisdiction over state claims arising from a common nucleus of operative facts.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District, conducts business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL BACKGROUND**

A.     Plaintiff and its Marks

6.     Plaintiff is engaged in advertising, marketing, entertainment, educational, and online retail store services primarily focused on Haitian, Zambia, and Zimbabwe talent, art, and culture.

7.     Plaintiff has continuously used the marks ZOLLYWOOD and ZOELLYWOOD in commerce and in Florida since at least as early January 1, 2017 in connection with: advertising and marketing services promoting the goods and services of others; developing advertising campaigns for the entertainment industry; retail clothing boutiques; retail and online retail store services featuring clothing, apparel, jewelry, electronics, shoes, belts, backpacks, briefcases, sleepwear, sporting goods, toys, beauty and health supplies, and games; educational services, namely, providing incentives in entertainment field; providing a website featuring entertainment information; and entertainment services in the nature of production of music, videos, television series, motion picture films, and multimedia production services; and annual awards programs (collectively, "Plaintiff's Marks").

8.     Through use of ZOLLYWOOD and ZOELLYWOOD, Plaintiff primarily promotes and showcases Haitian, Zambia, and Zimbabwe actors, movies, music, videos, shows, fashion, events, television series, talk shows, and entrepreneurs.

9.     As a result of its widespread, continuous, and exclusive use of Plaintiff's Marks to identify its goods and services and Plaintiff as their source, Plaintiff owns valid common law rights to Plaintiff's Marks.

10.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold and rendered under the ZOLLYWOOD

and ZOELLYWOOD marks.

11. Plaintiff created and promotes ZOLLYWOOD Fest, an industry event hosted in Central Florida and Haiti celebrating the Haitian Music Industry (HMI), as well as culture, art, and beauty of traditional Haitian cultures. At ZOLLYWOOD Fest, Plaintiff showcases approximately 111 artists from 33 states including the fields of fine arts, photography, fashion, fine jewelry, live music, stage performances, and other subjects.

12. Plaintiff has actively promoted its goods and services under Plaintiff's Marks through its website www.zollywood.app. Plaintiff also owns the domains www.zollywood.net and www.zollywoodflix.com, which redirects users to www.zollywood.app.

13. On its website www.zollywood.app, Plaintiff also operates an online shop under the marks ZOLLYWOOD and ZOELLYWOOD selling and shipping clothes, apparel, footwear, jewelry, DVDs, and other products to customers.

14. Plaintiff has also actively promoted its goods and services under Plaintiff's Marks through social media such as Facebook (@zollywoodmagazine), YouTube (@zollywood), and Instagram (@zollywoodmagazine).

15. ZOLLYWOOD and ZOELLYWOOD are distinctive to both the consuming public and Plaintiff's trade.

16. Plaintiff has been continuously offering and rendering its services and selling its products, using Plaintiff's Marks, through advertising and promotional activities thus creating valuable goodwill for Plaintiff's Marks.

17. As a result of Plaintiff's expenditures and efforts, the ZOLLYWOOD and ZOELLYWOOD Marks have come to signify the high quality of the goods and services

designated by Plaintiff's Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.     Defendant's Unlawful Activities

18.    Defendant is engaged in advertising, promotional, and informative services in the entertainment industry.

19.    Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in its ZOLLYWOOD and ZOELLYWOOD Marks, Defendant began using in commerce and promoting a mark identical to Plaintiff's mark ZOELLYWOOD (the "Infringing Mark")

20.    The Infringing Mark adopted and used by Defendant is identical to Plaintiff's ZOELLYWOOD mark and confusingly similar to Plaintiff's ZOLLYWOOD mark.

21.    Defendant has been engaged in advertising, promotional, and informative services in the entertainment industry, and related services using the mark ZOELLYWOOD. *See* Exhibit 1, corresponding to screenshot from Instagram of Infringing Mark.

22.    For example, on Instagram (@zoellywood_official), Defendant used the mark ZOELLYWOOD to promote a screening of the film "Life of a Zoe" in Florida. *See* Exhibit 2, corresponding to screenshot from Instagram of said promotion in Florida.

23.    On its Instagram, Defendant represents being: "Your number one source for нт in the film industry," with an icon of a Haitian flag.

24.    On its Instagram, Defendant uses "#Zoellywood ® ™" with a registered trademark symbol even though it does not have a trademark registration.

25.     In July 2021, Defendant filed an application to register the marks ZOELLYWOOD (Serial No. 90835705) and ZOLLYWOOD (Serial No. 90851133) for

4

business consulting and business information for enterprises; business consulting for enterprises; business consulting services; business management consulting; business marketing consulting services; business organization consulting; professional business consulting in International Class 035 in the United States Patent and Trademark Office.

26. Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to the Defendant.

27. Plaintiff has been, and will continue to be, irreparably harmed by the acts of Defendant unless enjoined.

28. There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

## COUNT I
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT 15 U.S.C. § 1125(a)(1)(A)

29. Plaintiff realleges the allegations set forth in paragraphs 1 through 28.

30. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to believe, contrary to fact, that Defendant's services are rendered, sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

31. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

32. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

33. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 USC § 1116 and § 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorney's fees, costs, and any other relief the Court deems just and proper.

## COUNT II
## COMMON LAW MARK INFRINGEMENT

36. Plaintiff realleges the allegations set forth in paragraphs 1 through 28.

37. Defendant's above referenced conduct constitutes trademark infringement in violation of the common law of the State of Florida.

38. The use and/or advertising of the infringing designation ZOELLYWOOD by Defendant is likely to cause confusion or mistake among purchasers as to the source of the goods with those of Plaintiff.

39. Plaintiff has used in commerce and in Florida ZOELLYWOOD and ZOLLYWOOD for advertising and promotional services, entertainment services, educational

services, and online retail store services prior to Defendant's adoption and use of the Infringing Mark.

40. Defendant's deliberate and willful use and/or advertising of infringing designation ZOELLYWOOD to identify the same, or related, goods and services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendant constitute common law infringement of Plaintiff's Marks.

41. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

42. Plaintiff realleges the allegations set forth in paragraphs 1 through 28.

43. Defendant's above referenced conduct constitutes unfair competition in violation of the common law of the State of Florida.

44. Plaintiff is active in the advertising and promotional services, entertainment, education, and online retail store fields and adopted the ZOLLYWOOD and ZOELLYWOOD marks prior to Defendant's adoption of the Infringing Mark, and has continuously used the marks in Florida and throughout the United States.

45. The use and/or advertising of the infringing designation ZOELLYWOOD by Defendant is likely to cause confusion or mistake among purchasers as to the source of the goods with those of Plaintiff.

46. Defendant's deliberate and willful use and/or advertising of infringing designation ZOELLYWOOD to identify the same, or related, goods and services is likely to

7

cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendant constitute unfair competition.

47.     WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury for all issues so triable.

THE PLAINTIFF
AOLLYWOOD, LLC

By: */Gerald C. Pia, Jr./*
　　Brian C. Roche - ct 17975
　　Gerald C. Pia, Jr. - ct 21296
　　Roche Pia, LLC
　　4 Research Dr. Ste 402
　　PMB# 543-85
　　Shelton, CT 06484
　　Phone: (203) 944-0235
　　Fax: (203) 567-8033
　　E-mail: broche@rochepia.com
　　　　　　gpia@rochepia.com

　　Christian Sanchelima Esq.
　　Sanchelima and Associates, P.A.
　　235 SW Le Jeune Rd.,
　　Miami, FL 33134
　　Phone: (305) 447-1617
　　Fax: (305) 445 8484
　　Email: chris@sanchelima.com
　　*Lead Counsel*