# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

**Francise Jean-Louis**,
Defendant (Pro Se),
v.
**Aollywood, LLC**,
Plaintiff.

AUG 4 2025 PM3:57
FILED - USDC - BPT - CT

**Civil Action No.: 3:25-cv-01100-VAB**
**Date: August 4, 2025**

# DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6)

# TABLE OF CONTENTS

- I. Introduction
- II. Factual Background
- III. Argument

  - A. Lack of Subject Matter Jurisdiction (12(b)(1))
  - B. Lack of Personal Jurisdiction (12(b)(2))
  - C. Failure to State a Claim (12(b)(6))

    1. Trademark Infringement

    2. Unfair Competition

3. False Representations

- IV. Prior Proceedings

- V. Conclusion

- Certificate of Service

- Exhibits A–E

# I. INTRODUCTION

This lawsuit arises out of Plaintiff's baseless claims of trademark infringement and unfair competition over the term "Zoellywood." Plaintiff seeks to relitigate claims that were previously dismissed or abandoned in a Florida proceeding, now choosing Connecticut despite no meaningful connection to this forum. Plaintiff's Complaint is procedurally flawed, jurisdictionally improper, and legally unsupported.

Defendant, Francise Jean-Louis, is the rightful originator of the "Zoellywood" mark, having filed her trademark application with the USPTO on July 14, 2021 — months before Plaintiff filed its own application on December 10, 2021. Plaintiff's complaint fails to demonstrate valid ownership, continuous use, or any consumer confusion.

# II. FACTUAL BACKGROUND

- Defendant resides in Connecticut and New York and uses the Zoellywood name to promote Haitian culture via digital and social platforms.

- Plaintiff is a Florida-based LLC with no valid claim of continuous use dating back to 2017.

- Plaintiff's social media and domain activity began after Defendant's USPTO filing.

- Plaintiff's exhibits include outdated screenshots, reposted media, and misleading content.

- Defendant has never operated a Florida business nor received compensation for Florida-based cultural promotion.

- Plaintiff's prior Florida case was dismissed, and this current filing lacks new factual or legal merit.

# III. ARGUMENT

## A. Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

Plaintiff's bare citation of the Lanham Act without factual support fails to establish a valid federal question. The court lacks subject matter jurisdiction over conclusory, non-commercial claims lacking any factual predicate.

## B. Lack of Personal Jurisdiction – Rule 12(b)(2)

Plaintiff asserts jurisdiction over Defendant without showing minimum contacts. Defendant has no business operations or targeted activity in Florida or Connecticut.
The Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), makes clear that isolated, unpaid promotion of cultural events does not constitute purposeful availment.

## C. Failure to State a Claim – Rule 12(b)(6)

### 1. Trademark Infringement

Plaintiff lacks a registered trademark and provides no reliable evidence of first use. Defendant filed her Zoellywood application in good faith and prior to Plaintiff's application.
There is no evidence of consumer confusion, deception, or damages.

Claims fail to meet the *Twombly* and *Iqbal* pleading standards:

- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

**2. Unfair Competition**

Plaintiff alleges no facts indicating Defendant misappropriated any protected material or engaged in deceptive practices. Cultural posts and digital media were non-commercial and do not constitute unfair competition.

**3. False Representations**

Plaintiff's exhibits are largely fabricated or compiled after the fact. There is no commercial harm to Plaintiff shown prior to Defendant's trademark application in 2021.

# IV. PRIOR PROCEEDINGS

Plaintiff previously filed a nearly identical complaint in the Southern District of Florida, which was dismissed on April 21, 2025.

> **Exhibit C** – *Order Granting Motions to Dismiss*, Aollywood, LLC v. Jean-Louis, No. 2:24-cv-14089-JEM, Doc. 32 (S.D. Fla. Apr. 21, 2025)

Plaintiff's attempt to refile this dispute without new facts or legal grounds is a form of retaliatory and duplicative litigation.

# V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. **Dismiss the Complaint in its entirety** pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6); and

2. **Deny any leave to amend**.

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I mailed a true and correct copy of this Motion and all Exhibits to:

**Counsel for Plaintiff**
Roche Pia LLC
Two Corporate Drive, Suite 248
Shelton, CT 06484

/s/ Francise Jean-Louis
Francise Jean-Louis (Pro Se)

# LIST OF EXHIBITS

**Exhibit A** – Email from Plaintiff's Counsel Proposing Settlement (June 2025)
**Exhibit B** – USPTO Filing Records (Serial Nos. 90835705 & 90851133)
**Exhibit C** – Order Granting Motions to Dismiss (S.D. Fla. Apr. 21, 2025)
**Exhibit D** – Plaintiff's TTAB Response Admitting Duplicative Complaint (July 11, 2025)
**Exhibit E** – Complaint Filed in the District of Connecticut – Case No. 3:25-cv-01100-VAB

# Exhibit A

Email from Plaintiff's Counsel Proposing Settlement (June 2025)

*Sanchelima & Associates, P.A.*
*Attorneys at Law*

# EXHIBIT A

Patent, Trademark & Copyright Law

J. Sanchelima, Reg. Patent Attorney
C. J. Sanchelima, Reg. Patent Attorney

Tel: 305-447-1617
Fax: 305-445-8484
chris@sanchelima.com
www.sanchelima.com

May 1, 2025

Ms. Francise Jean-Louis
457 East Main Street, 1H
Bridgeport, Connecticut 06608

Re:     Proposal for Resolution
        Case No. 2:24-cv-14089
        Our File No. 440189

Dear Ms. Jean-Louis,

As you are aware, our firm represents Aollywood, LLC. In light of the recent order dismissing Aollywood's Complaint and your Counterclaims, we write on behalf of our client in attempt to amicably resolve this matter. If we do not receive a response from you within a week, our client is prepared to refile the lawsuit for trademark infringement in the District of Connecticut.

We propose that the parties enter into a coexistence agreement based on the proposed terms listed below:

> (1) Aollywood and Ms. Jean-Louis will agree to each other's use and registration of the marks ZOLLYWOOD and ZOELLYWOOD in connection with services in International Class 035 in the United States with the exception that Ms. Jean-Louis will agree not to use the marks in the states of Florida, Georgia, and California and Haiti, while Aollywood will agree not to use the marks in the states of New York and Connecticut.

> (2) Only Aollywood will be allowed to use and register the ZOLLYWOOD and ZOELLYWOOD marks in connection with services in International Class 041.

> (3) Based on the above, Aollywood will agree not to refile any Complaints for trademark infringement against Defendants and will agree to dismiss the TTAB cancellation proceeding. Both parties will agree not challenge each other's use or ownership of the marks as long they comply with the restrictions of the coexistence agreement.

Please let us know by Thursday, May 8, if you agree with our proposed terms for coexistence between the parties.

Respectfully,

Christian Sanchelima, Esq.
Sanchelima & Associates, P.A.

# Exhibit B

USPTO Filing Records (Serial Nos. 90835705 & 90851133)

AO 120 (Rev. 08/10)

**EXHIBIT B**

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **Southern District of Florida** on the following

☑ Trademarks or   ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:24-cv-14089-JEM | DATE FILED<br>3/26/2024 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br><br>Aollywood, LLC | | DEFENDANT<br><br>Francise Jean-Louis |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 ZOLLYWOOD | | |
| 2 ZOELLYWOOD | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment     ☐ Answer     ☐ Cross Bill     ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT<br><br>See attached Order on Defendant's Motions to Dismiss |
|---|

| CLERK<br>Angela E. Noble | (BY) DEPUTY CLERK<br>Philip Curtis | DATE<br>4/21/2025 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number:  24-14089-CIV-MARTINEZ**

AOLLYWOOD, LLC,

      Plaintiff,

v.

FRANCISE JEAN-LOUIS,

      Defendant.

_____/

## <u>OMNIBUS ORDER ON DEFENDANT'S MOTIONS TO DISMISS</u>

THIS MATTER comes before the Court upon Defendant Francise Jean-Louis's Motions

to Dismiss, Change Venue, and Tax Costs[1] ("Motions"), (ECF Nos. 17, 20, 23). The Court has

reviewed the Motions and Plaintiff's Responses, (ECF Nos. 19, 22, 25). For the reasons explained

herein, Defendant's Motions are **GRANTED**.

### I.    BACKGROUND

Plaintiff alleges that "[a]s a result of its widespread, continuous, and exclusive use of

Plaintiff's Marks to identify its goods and services and Plaintiff as their source, Plaintiff owns

valid common law rights to Plaintiff's Marks." (ECF No. 1, Compl. ¶ 9). Plaintiff further alleges

that "[w]ithout Plaintiff's authorization and beginning after Plaintiff acquired protectable

exclusive rights in its ZOLLYWOOD and ZOELLYWOOD Marks, Defendant began using in

commerce and promoting a mark identical to Plaintiff's mark ZOELLYWOOD." (*Id.* ¶ 19).

Plaintiff brings claims against Defendant for (1) violation of Section 43(a) of the Lanham Act;

---

[1]    Defendant has since withdrawn her request to tax costs at this time. (ECF No. 26).

(2) common law mark infringement; and (3) common law unfair competition. (*See id.*).

Defendant argues that the Court does not have personal jurisdiction over her because Plaintiff failed to allege Defendant's purposeful availment and continuous and systematic contacts in the State of Florida. (ECF No. 17 at 2; ECF No. 20 at 2; ECF No. 23 at 2–3). Plaintiff responds that this Court does have personal jurisdiction over Defendant because "Defendant has tortiously injured Plaintiff who resides in Florida and Defendant actively advertises to Florida consumers and avails itself of the forum." (ECF No. 19 at 12; ECF No. 22 at 13).

## II.    LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of personal jurisdiction and improper venue under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). Fed. R. Civ. P. 12(b)(2)–(3). There are two type of personal jurisdiction—general and specific. *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). A court has general jurisdiction over a defendant "to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 924. "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 919 (cleaned up).

"The burden lies with the plaintiff to establish a prima facie case of personal jurisdiction over a non-resident defendant." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1333 (S.D. Fla. 2016) (citing *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)). A prima facie case for jurisdiction is established if the plaintiff shows

2

enough evidence to withstand a motion for directed verdict. *Madara*, 916 F.2d at 1514. The court must accept all facts alleged in the complaint as true. *Id.* "[W]here the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.*

## III.  DISCUSSION

Courts consider two questions when resolving alleged issues over personal jurisdiction: (1) whether personal jurisdiction exists over the nonresident defendant under the forum state's long-arm statute; and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

### A.  Florida's Long-Arm Statute

Under Fla. Stat. § 48.193(1)(a)(2), a nonresident is subject to personal jurisdiction in Florida "for any cause of action arising from . . . committing a tortious act" in Florida. This long-arm jurisdiction extends to defendants who committed tortious acts outside of Florida if their acts "cause injury in Florida." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1217 (11th Cir. 1999). For purposes of this analysis, trademark infringement is considered a tort. *See Louis Vuitton*, 736 F.3d at 1353 ("[W]e conclude that Louis Vuitton's trademark claims allege 'tortious acts' for purposes of Florida's long-arm statute.").

Plaintiff alleges that Defendant "has been engaged in advertising, promotional, and informative services in the entertainment industry, and related services using the mark ZOELLYWOOD." (Compl., ECF No. 1 ¶ 21). "For example, on Instagram (@zoellywood_official), Defendant used the mark ZOELLYWOOD to promote a screening of the film 'Life of a Zoe' in Florida." (*Id.* ¶ 22). Therefore, Florida's long-arm statute is satisfied.

**B. Due Process**

The Due Process Clause of the Fourteenth Amendment limits a state's authority to exercise jurisdiction over a nonresident defendant. The Due Process Clause protects individuals' liberty interest in not being subject to a binding judgment in a forum in which that individual has no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). For a court to assert specific jurisdiction over a defendant, that defendant must have certain "minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923 (quoting *Int'l Shoe Co.*, 326 U.S. at 316) (alterations adopted).

The Eleventh Circuit uses a three-part test to determine whether the exercise of personal jurisdiction comports with due process: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355 (cleaned up).

As to the first prong, a court should "focus on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* at 1355–56 (internal citation omitted). As to the second prong, a court may apply the traditional minimum-contacts test, or, in intentional-tort cases, may apply the effects test. As to the third prong, a court should "consider these factors: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Id.* at 1358 (quotation marks omitted).

4

### 1.    Arising Out Of Or Relatedness

"[A] fundamental element of the specific jurisdiction calculus is that [a] plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (cleaned up). Plaintiff claims that its causes of action arise out of Defendant's use and advertising of the infringing marks on her social media account, which is accessible to residents of Florida. The Court assumes that the use of a social media account that is accessible in Florida is a sufficient "contact" under this first prong of the test. Thus, Plaintiff has demonstrated that its claims "arise out of or relate to" Defendant's alleged contacts. While this prong is satisfied, Plaintiff has not met the purposeful availment prong.

### 2.    Purposeful Availment – Effects Test

The Court finds that Defendant has not purposefully availed herself of the privilege of conducting activities within the forum state. The effects test, which applies to intentional torts, is met where a plaintiff shows that the tort "(1) was intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Louis Vuitton*, 736 F.3d at 1356. As to the first element, Plaintiff has failed to allege that Defendant's alleged infringing activity was intentional. While Plaintiff cites to *Licciardello v. Lovelady*, this does not support its argument as the Court there found that the defendant intentionally used the plaintiff's trademarked name and picture. 544 F.3d 1280, 1287–88 (11th Cir. 2008). Here, Plaintiff does not allege that Defendant intentionally committed the alleged infringing act, and thus, cannot meet the first prong of the effects test. (*See* Compl.). Moreover, Plaintiff has not established the third prong of the effects test—that Defendant would anticipate harm in Florida. Plaintiff must "allege facts clearly indicating that the defendant knew that it was likely committing trademark infringement specifically against the plaintiff in the forum state and

5

continued to do so anyway." *CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C.*, No. 17-60928-CIV, 2017 WL 5640717, at *3 (S.D. Fla. Aug. 7, 2017).

### 3.     Purposeful Availment – Minimum Contacts Test

Similarly, applying the minimum contacts test, the Court finds that Plaintiff has not met its burden. Under the minimum contacts test, Defendant's contacts must "(1) [be] related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed [herself] of the privileges of doing business within the forum; and (3) [be] such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357. Plaintiff has not met the second prong, as Plaintiff provided no allegations concerning how many consumers—if any—Defendant reached in Florida. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 772, 781 (1984) (holding that minimum contacts were established where the defendant sold "some 10 to 15,000 copies" of its magazine in the forum state); *see also Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1374 (S.D. Fla. 2019) (holding that the minimum contacts test was not met where less than one percent of the defendant's social-media audience was in Florida and there was no evidence of profit from sales in Florida).

### 4.     Fair Play and Substantial Justice

A defendant must show that personal jurisdiction offends "fair play and substantial justice" only if the plaintiff meets its burden on the two first prongs. *See Louis Vuitton*, 736 F.3d at 1355. While Plaintiff has not met its burden, the Court will briefly address this last test, looking to "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Id.* at 1358 (cleaned up).

First, the Court finds that litigation in Florida would be burdensome for Defendant, an

6

individual who does not reside in Florida. (Compl. ¶ 2; ECF No. 17 at 2). Second, Florida's interest in this dispute is minimal. While Plaintiff allegedly has its principal place of business in Florida, there has been no showing of the impact of Defendant's alleged infringement in Florida to raise Florida's interest beyond a generalized interest in enforcing federal law. Third, while Plaintiff has an interest in obtaining convenient and effective relief, other forums can provide such relief. Last, the judicial system has an interest in resolving the dispute, as Plaintiff's claims arise from federal law. On balance, these factors weigh against the exercise of personal jurisdiction. Accordingly, the Court holds that the exercise of personal jurisdiction over Defendant is incompatible with the Due Process Clause and the protections that it affords.

Thus, it is hereby **ORDERED and ADJUDGED** that Defendant's Motions, (ECF Nos. 17, 20, 23), are **GRANTED**. This case is **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida, this __21__ day of April, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

# Exhibit C

Order Granting Motions to Dismiss (S.D. Fla. Apr. 21, 2025)

# EXHIBIT C

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

July 14, 2025

Opposition No. 91277435

*Aollywood LLC*

*v.*

*Francise Jean-Louis*

**Nedra N. Gardner, Paralegal Specialist:**

The Board has been notified that the civil action which occasioned the suspension of this proceeding is still pending.

Accordingly, proceedings remain suspended pending final determination of the civil action. *See* Trademark Rule 2.117(a).

Within twenty days after such final determination, the parties shall notify the Board so that this proceeding may be called up for appropriate action.[1] Such notification to the Board should include a copy of any final order or final judgment which issued in the civil action.

During the suspension period, the parties shall notify the Board of any address or email address changes for the parties or their attorneys.

---

[1] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired. *See* TBMP § 510.02(b).

# Exhibit D

Plaintiff's TTAB Response Admitting Duplicative Complaint (July 11, 2025)

# EXHIBIT D

ESTTA Tracking number:    **ESTTA1448607**

Filing date:    **07/11/2025**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding no. | 91277435 |
| Party | Plaintiff<br>Aollywood LLC |
| Correspondence address | CHRISTIAN SANCHELIMA<br>SANCHELIMA & ASSOCIATES PA<br>235 SW LE JEUNE ROAD<br>MIAMI, FL 33134<br>UNITED STATES<br>Primary email: chris@sanchelima.com<br>Secondary email(s): estevez@sanchelima.com, paralegal@sanchelima.com<br>954-507-4500 |
| Submission | Response to Board Order/Inquiry |
| Filer's name | Christian Sanchelima |
| Filer's email | chris@sanchelima.com, legal@sanchelima.com, paralegal@sanchelima.com, assist8@sanchelima.com |
| Signature | /Christian Sanchelima/ |
| Date | 07/11/2025 |
| Attachments | 250711le.RespSuspension.pdf(4644074 bytes ) |

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

**Aollywood LLC,**

        Opposer,

v.

                                  Opposition No. 91277435

**Francise Jean-Louis,**

        Applicant,

_____/

## OPPOSER'S RESPONSE TO BOARD'S ORDER ON STATUS OF CIVIL ACTION

Pursuant to the Board's Order (27 TTABVUE), Opposer respectfully submits the following update regarding the status of the civil action that occasioned the suspension of this proceeding:

The civil action previously filed in the United States District Court for the Southern District of Florida (Case No. 2:24-cv-14089) was dismissed without prejudice for lack of personal jurisdiction. The action has since been refiled in the District of Connecticut (Case No. 3:25-cv-01100-VAB), where the defendant (Applicant Francise Jean-Louis) resides. The refiled case has identical factual allegations and causes of action as the original action. The refiled case remains pending. A copy of the Complaint is attached as Exhibit A of this Response.

Based on the foregoing, Opposer respectfully requests that this proceeding remain suspended pending disposition of Case No. 3:25-cv-01100-VAB.

Dated: July 11, 2025

Respectfully submitted,

*/s/ Christian Sanchelima*
Christian Sanchelima, Esq.
Florida Bar No. 107751
Email: chris@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Opposer*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on this 11th day of July 2025 to:

/s/ *Christian Sanchelima*
Christian Sanchelima

Russell Williams
R. Williams, P.C.
333 East 46th Street 1F
New York, NY 11561
Phone: 347-691-8193
Email: russellwilliamsny@gmail.com
*Attorneys for Applicant*

3

# Exhibit E

Complaint Filed in the District of Connecticut – Case No. 3:25-cv-01100-VAB

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EXHIBT E

AOLLYWOOD, LLC,

V.                                   **SUMMONS IN A CIVIL CASE**

**FRANCISE JEAN–LOUIS,**

CASE NUMBER: **3:25–CV–01100–VAB**

TO: **Francise Jean–Louis**
Defendant's Address:

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**Gerald C. Pia, Jr.**
**Roche Pia LLC**
**4 Research Drive, Suite 402, PMB # 543–85**
**Shelton, CT 06484**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*



/s/ – **B E Freberg**
_____
*Signature of Clerk or Deputy Clerk*

ISSUED ON 2025–07–14 16:12:05, Clerk USDC
CTD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*_____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*_____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____
_____ ; or

☐ Other *(specify)* _____
_____
_____

My fees are $_____ for travel and $ _____ for services, for a total of $_____0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
Servers signature

_____
Printed name and title

_____
Servers address

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **AOLLYWOOD, LLC,**<br>a limited liability company, | : | |
| Plaintiff, | :<br>:<br>: | Civil Action No.: 3:25-cv-1100 |
| v. | :<br>: | |
| **FRANCISE JEAN-LOUIS,**<br>Individually | :<br>: | July 10, 2025 |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Aollywood, LLC ("Plaintiff"), sues Defendant, Francise Jean-Louis ("Defendant"), and makes the following allegations:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a limited liability company organized in Florida and has its principal place of business in Port St. Lucie, Florida.

2.     Defendant is an individual domiciled in Bridgeport, Connecticut.

3.     This is an action for false designation of origin under Section 43 of Lanham Act 15 U.S.C. § 1125(a)(1)(A), and the supplemental state causes of action of Florida common law trademark infringement and unfair competition.

4.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and under the doctrine of supplemental jurisdiction over state claims arising from a common nucleus of operative facts.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District, conducts business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

A.    Plaintiff and its Marks

6.    Plaintiff is engaged in advertising, marketing, entertainment, educational, and online retail store services primarily focused on Haitian, Zambia, and Zimbabwe talent, art, and culture.

7.    Plaintiff has continuously used the marks ZOLLYWOOD and ZOELLYWOOD in commerce and in Florida since at least as early January 1, 2017 in connection with: advertising and marketing services promoting the goods and services of others; developing advertising campaigns for the entertainment industry; retail clothing boutiques; retail and online retail store services featuring clothing, apparel, jewelry, electronics, shoes, belts, backpacks, briefcases, sleepwear, sporting goods, toys, beauty and health supplies, and games; educational services, namely, providing incentives in entertainment field; providing a website featuring entertainment information; and entertainment services in the nature of production of music, videos, television series, motion picture films, and multimedia production services; and annual awards programs (collectively, "Plaintiff's Marks").

8.    Through use of ZOLLYWOOD and ZOELLYWOOD, Plaintiff primarily promotes and showcases Haitian, Zambia, and Zimbabwe actors, movies, music, videos, shows, fashion, events, television series, talk shows, and entrepreneurs.

9.    As a result of its widespread, continuous, and exclusive use of Plaintiff's Marks to identify its goods and services and Plaintiff as their source, Plaintiff owns valid common law rights to Plaintiff's Marks.

10.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold and rendered under the ZOLLYWOOD

and ZOELLYWOOD marks.

11.    Plaintiff created and promotes ZOLLYWOOD Fest, an industry event hosted in Central Florida and Haiti celebrating the Haitian Music Industry (HMI), as well as culture, art, and beauty of traditional Haitian cultures. At ZOLLYWOOD Fest, Plaintiff showcases approximately 111 artists from 33 states including the fields of fine arts, photography, fashion, fine jewelry, live music, stage performances, and other subjects.

12.    Plaintiff has actively promoted its goods and services under Plaintiff's Marks through its website www.zollywood.app. Plaintiff also owns the domains www.zollywood.net and www.zollywoodflix.com, which redirects users to www.zollywood.app.

13.    On its website www.zollywood.app, Plaintiff also operates an online shop under the marks ZOLLYWOOD and ZOELLYWOOD selling and shipping clothes, apparel, footwear, jewelry, DVDs, and other products to customers.

14.    Plaintiff has also actively promoted its goods and services under Plaintiff's Marks through social media such as Facebook (@zollywoodmagazine), YouTube (@zollywood), and Instagram (@zollywoodmagazine).

15.    ZOLLYWOOD and ZOELLYWOOD are distinctive to both the consuming public and Plaintiff's trade.

16.    Plaintiff has been continuously offering and rendering its services and selling its products, using Plaintiff's Marks, through advertising and promotional activities thus creating valuable goodwill for Plaintiff's Marks.

17.    As a result of Plaintiff's expenditures and efforts, the ZOLLYWOOD and ZOELLYWOOD Marks have come to signify the high quality of the goods and services

3

designated by Plaintiff's Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.    Defendant's Unlawful Activities

18.    Defendant is engaged in advertising, promotional, and informative services in the entertainment industry.

19.    Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in its ZOLLYWOOD and ZOELLYWOOD Marks, Defendant began using in commerce and promoting a mark identical to Plaintiff's mark ZOELLYWOOD (the "Infringing Mark")

20.    The Infringing Mark adopted and used by Defendant is identical to Plaintiff's ZOELLYWOOD mark and confusingly similar to Plaintiff's ZOLLYWOOD mark.

21.    Defendant has been engaged in advertising, promotional, and informative services in the entertainment industry, and related services using the mark ZOELLYWOOD. *See* Exhibit 1, corresponding to screenshot from Instagram of Infringing Mark.

22.    For example, on Instagram (@zoellywood_official), Defendant used the mark ZOELLYWOOD to promote a screening of the film "Life of a Zoe" in Florida. *See* Exhibit 2, corresponding to screenshot from Instagram of said promotion in Florida.

23.    On its Instagram, Defendant represents being: "Your number one source for HT in the film industry," with an icon of a Haitian flag.

24.    On its Instagram, Defendant uses "#Zoellywood ® ™" with a registered trademark symbol even though it does not have a trademark registration.

25.    In July 2021, Defendant filed an application to register the marks ZOELLYWOOD (Serial No. 90835705) and ZOLLYWOOD (Serial No. 90851133) for

4

business consulting and business information for enterprises; business consulting for enterprises; business consulting services; business management consulting; business marketing consulting services; business organization consulting; professional business consulting in International Class 035 in the United States Patent and Trademark Office.

26.    Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to the Defendant.

27.    Plaintiff has been, and will continue to be, irreparably harmed by the acts of Defendant unless enjoined.

28.    There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

**COUNT I**
**<u>VIOLATION OF SECTION 43(a) OF THE LANHAM ACT 15 U.S.C. § 1125(a)(1)(A)</u>**

29.    Plaintiff realleges the allegations set forth in paragraphs 1 through 28.

30.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to believe, contrary to fact, that Defendant's services are rendered, sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

31.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

32.    Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

33.    Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 USC § 1116 and § 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorney's fees, costs, and any other relief the Court deems just and proper.

## COUNT II
## COMMON LAW MARK INFRINGEMENT

36.    Plaintiff realleges the allegations set forth in paragraphs 1 through 28.

37.    Defendant's above referenced conduct constitutes trademark infringement in violation of the common law of the State of Florida.

38.    The use and/or advertising of the infringing designation ZOELLYWOOD by Defendant is likely to cause confusion or mistake among purchasers as to the source of the goods with those of Plaintiff.

39.    Plaintiff has used in commerce and in Florida ZOELLYWOOD and ZOLLYWOOD for advertising and promotional services, entertainment services, educational

services, and online retail store services prior to Defendant's adoption and use of the Infringing Mark.

40.    Defendant's deliberate and willful use and/or advertising of infringing designation ZOELLYWOOD to identify the same, or related, goods and services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendant constitute common law infringement of Plaintiff's Marks.

41.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

42.    Plaintiff realleges the allegations set forth in paragraphs 1 through 28.

43.    Defendant's above referenced conduct constitutes unfair competition in violation of the common law of the State of Florida.

44.    Plaintiff is active in the advertising and promotional services, entertainment, education, and online retail store fields and adopted the ZOLLYWOOD and ZOELLYWOOD marks prior to Defendant's adoption of the Infringing Mark, and has continuously used the marks in Florida and throughout the United States.

45.    The use and/or advertising of the infringing designation ZOELLYWOOD by Defendant is likely to cause confusion or mistake among purchasers as to the source of the goods with those of Plaintiff.

46.    Defendant's deliberate and willful use and/or advertising of infringing designation ZOELLYWOOD to identify the same, or related, goods and services is likely to

cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendant constitute unfair competition.

47.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury for all issues so triable.

THE PLAINTIFF
AOLLYWOOD, LLC

By: */Gerald C. Pia, Jr./*
    Brian C. Roche - ct 17975
    Gerald C. Pia, Jr. - ct 21296
    Roche Pia, LLC
    4 Research Dr. Ste 402
    PMB# 543-85
    Shelton, CT 06484
    Phone: (203) 944-0235
    Fax: (203) 567-8033
    E-mail: broche@rochepia.com
            gpia@rochepia.com

    Christian Sanchelima Esq.
    Sanchelima and Associates, P.A.
    235 SW Le Jeune Rd.,
    Miami, FL 33134
    Phone: (305) 447-1617
    Fax: (305) 445 8484
    Email: chris@sanchelima.com
    *Lead Counsel*